HEATHER M. VIGIL, Bar No. 254694
hvigil@littler.com
JAMES P. VAN, Bar No. 303853
jpvan@littler.com
LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
Telephone: 949.705.3000
Facsimile: 949.724.1201

Attorneys for Defendant
HIBU INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA LYNN FARRELL, an individual;<br><br>Plaintiff,<br><br>v.<br><br>HIBU, Inc., a privately owned company, and DOES to 10, Inclusive;<br><br>Defendants. | Case No.  8:20-cv-00460<br><br>**DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>**[28 U.S.C. §§ 1332, 1441, 1446]** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF LAURA LYNN FARRELL AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant HIBU INC. ("Defendant" or "Hibu") hereby removes the above-captioned action from the Superior Court for the State of California, County of Orange to the United States District Court for the Central District of California. This removal is based on 28 U.S.C. sections 1441 and 1445. This Notice is based upon the original jurisdiction of this Court over the parties under 28 U.S.C. section 1332(a) based on the existence of complete diversity of citizenship among the parties.

## STATEMENT OF JURISDICTION

1.     This Court has original jurisdiction over this action under the diversity of citizenship statute. *See* 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice. *See* 28 U.S.C. §§ 1332, 1441(a) and 1446.

## VENUE

2.     This action was filed in the Superior Court for the State of California, Orange County. Venue properly lies in the United States District Court for the Central District of California, Southern Division, pursuant to 28 U.S.C. sections 84(c)(1), 1391(a) and 1441(a).

## PLEADINGS, PROCESS AND ORDERS

3.     On February 3, 2020, Plaintiff LAURA LYNN FARRELL ("Plaintiff") filed an unverified Complaint for Damages ("Complaint") alleging violations of the California Fair Employment and Housing Act (FEHA) [Government Code §§ 12900-12996] and other causes of action in the Superior Court for the State of California, Orange County: *LAURA LYNN FARRELL, Plaintiff, vs. HIBU, INC., a privately owned*

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA  92614
949.705.3000

2.

*company and DOES 1 through 10, Inclusive, Defendants*, Case Number 30-2020-01129136-CU-WT-CXC (the "State Court Action").  Declaration of James P. Van in Support of Defendant's Notice to Federal Court of Removal of Civil Action From State Court ("Van Decl."), ¶ 2 at **Exhibit A**.

4.    In the Complaint, Plaintiff alleges six (6) causes of action against Defendant for: (1) Disability Discrimination In Violation of Government Code § 12940, *et seq.* (FEHA); (2) Failure to Engage in a Good Faith Interactive Process in Violation of Government Code § 12940, *et seq.* (FEHA); (3) Failure to Accommodate in Violation of Government Code § 12940, *et seq.* (FEHA) (4) Failure to Prevent Discrimination in Violation of FEHA; (5) Retaliation in Violation of Government Code § 12940, *et seq.* (FEHA); and (6) Wrongful Termination in Violation of Public Policy.  Van Decl., ¶ 2 at **Exhibit A**.  Plaintiff's prayer for relief includes prayers for:

      a.  Special damages;

      b.  Economic damages;

      c.  General damages;

      d.  Exemplary and punitive damages;

      e.  Attorneys' fees,  interests, and costs;

      f.  Prejudgment interest;

      g.  Costs of suit; and

      h.  Other and further relief as the Court deems just and proper.

*See* Compl., Prayer for Relief, ¶¶ 1-8.

5.    On February 3, 2020, along with the Complaint (Exhibit A), Plaintiff filed a Summons and Civil Case Cover Sheet.  Van Decl., ¶ 3, at **Exhibit B**.

6.    On February 3, 2020, a Notice of Case Assignment, assigning the matter to the Honorable William Claster in Department CX104, was issued by the Clerk of the Court.  Van Decl., ¶ 4, at **Exhibit C**.

7.    On February 5, 2020, Defendant was served with the Summons and Complaint.  A true and correct copy of the aforementioned documents are attached

hereto as **Exhibit D**.  Van Decl., ¶ 5.

8.   On March 5, 2020, Defendant timely filed an Answer to Plaintiff's Unverified Complaint in Orange County Superior Court.  Van Decl., ¶ 6, at **Exhibit E**.

9.   Pursuant to 28 U.S.C. § 1446(a), Exhibits A – E constitute all process, pleadings, and orders filed in the State Court Action.  To Defendant's knowledge, no other process, pleadings, or orders related to this case have been filed or served by any party in the State Court Action.  Van Decl., ¶ 7.

10.   To Defendant's knowledge, no proceedings related hereto have been heard in the State Court Action and no other parties have been named or served with the Summons and Complaint in the State Court Action.  Van Decl., ¶ 8.

## TIMELINESS OF REMOVAL

11.   This Notice of Removal is timely.  Under 28 U.S.C. § 1446(b), a notice of removal of a civil action must be filed within 30 days after service of the summons and complaint.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint).  On February 5, 2020, the Complaint and Summons were served on Defendant.  As Defendant is filing this Notice of Removal on March 5, 2020, within 30 days of service of the Summons and Complaint, this Notice of Removal is timely as a matter of law.

## DIVERSITY JURISDICTION

12.   The diversity of citizenship statute provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between– (1) citizens of different States . . . ."  28 U.S.C. § 1332(a).

13.   "Any civil action" commenced in state court is removable if it might have been brought originally in federal court.  *See* 28 USC § 1441(a).  Any case that could have been commenced in federal court based on diversity of citizenship can be removed from state court on this ground.  *See* 28 U.S.C. § 1441(b).  In order to remove a case to

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA  92614
949.705.3000

4.

federal court on diversity grounds, two basic elements must be satisfied: (1) complete diversity must exist between the parties, i.e., Plaintiff and Defendant must be "citizens" of different states; and (2) the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332.

14. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a) based on the existence of complete diversity of citizenship between the real parties to this action and on the fact that the amount in controversy exceeds $75,000, as set forth below.

## A.    COMPLETE DIVERSITY OF CITIZENSHIP EXISTS.

15. Diversity of citizenship exists so long as no plaintiff is a citizen of the same state as any defendant at the time the action was filed and at the time of removal.

### Plaintiff Is A Citizen Of The State Of California.

16. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined at the time the lawsuit is filed); *Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

17. At the time Plaintiff commenced the State Court Action, and at the time of removal, Plaintiff was a citizen of the State of California. Plaintiff alleges in the Complaint that she is a resident of the State of California. Compl., ¶ 1; *see also Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise");

*see also Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, \*22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile).  Thus, Plaintiff, by her own admission, is a citizen of the State of California.

**<u>Defendant Is Not A Citizen Of The State Of California.</u>**

18.    For purposes of Section 1332, a corporation is deemed to be a citizen of any State in which it has been incorporated and of the State where it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).  As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181; 175 L. Ed. 2d 1029 (2010), "the phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, i.e., its 'nerve center,' which will typically be found at its corporate headquarters." *Id.* at 80.

19.    Hibu is and was at all relevant times incorporated under the laws of the State of Delaware.  Declaration of Angie Corcoran in Support of Defendant's Notice to Federal Court of Removal of Civil Action From State Court ("Corcoran Decl."), ¶ 3.  It maintains corporate offices in Cedar Rapids, Iowa, King of Prussia, Pennsylvania and East Meadow, New York.  Corcoran Decl., ¶ 4.  Most of its significant corporate, executive, administrative and operational functions are directed, controlled and coordinated at those offices.  *Id.*  Hibu's Chief Executive Officer and several of its key executives -- including its Vice President of Operations, Vice President of Human Resources, Vice President of Marketing, Vice President of Inside Sales and Client Success and one of its Senior Vice Presidents of Sales -- are based out its Iowa office.  *Id.*  Its Chief Technology Officer and another Senior Vice Presidents of Sales are based in the King of Prussia office.  *Id.*  Its Chief Financial Officer, General Counsel and Vice President of Sales Planning are based in the East Meadow office.  *Id.*  These offices are where Defendant's centralized administrative functions and operations are based, and are the actual center of direction, control and coordination for its operations.  *Id.*  Hibu does not maintain any corporate offices or direct, control or coordinate any significant

corporate, executive or administrative functions in California.  Corcoran Decl., ¶ 5.

20.     Under the applicable standard, Hibu's principal place of business is indisputably located in Iowa, New York, or Pennsylvania.  Therefore, it is a citizen of Delaware and either Iowa, New York, or Pennsylvania and it is not now, nor was it at the time of the filing of the Complaint, a citizen of the State of California.

21.     Defendants Does 1 through 10 are fictitious.  The Complaint does not set forth the identity or status of any said fictitious defendants, nor does it set forth any charging allegations against any fictitious defendants.  Pursuant to section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action.  *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690-91 (9th Cir. 1998).

22.     Based on the foregoing, diversity is established between Plaintiff and Defendant because Plaintiff and all Defendants are citizens of different states.

**B.      THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.**

23.     To measure the amount in controversy, the Ninth Circuit instructs courts to first consider whether it is "facially apparent" from the complaint that the jurisdictional amount has been satisfied.  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).  In measuring the amount in controversy, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint."  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal quotations and brackets omitted).

24.     Here, it is facially apparent from the Complaint and its Prayer for Relief that the amount in controversy exceeds $75,000.  In the Complaint, Plaintiff seeks to recover for special damages, general damages, economic damages, exemplary and punitive damages, attorneys' fees, interests, and costs, prejudgment interest, costs of suit, and such other and further relief as the Court deems just and proper.  *See* Prayer

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA  92614
949.705.3000

7.

for Relief, ¶¶ 1-8. Plaintiff specifically states that she is seeking to recover in excess of $500,000 from Defendant for general damages alone. The ultimate inquiry is the amount that is put "in controversy" by Plaintiff's Complaint, and not how much, if anything, Defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005); *see also Schere v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages it not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint).

25. Defendant denies the validity and merits of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. Nevertheless, the amount in controversy as alleged by Plaintiff exceeds the sum of $75,000.

## NOTICE TO PLAINTIFF AND STATE COURT

26. Immediately following the filing of this Notice of Removal in the United States District Court for the Central District of California, Southern Division, Defendant will arrange for notice of such filing to be given by the undersigned to Plaintiff's counsel of record and for a copy of the Notice of Removal to be filed with the Clerk of the Orange County Superior Court. Van Decl., ¶ 9, at **Exhibit F**.

WHEREFORE, having provided notice as required by law, the above-entitled action should be removed from the Orange County Superior Court to this honorable District Court.

Dated: March 6, 2020

/S/James Van
HEATHER M. VIGIL
JAMES P. VAN
LITTLER MENDELSON, P.C.
Attorneys for Defendant
HIBU INC.

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000